IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNA BROADWAY, | ) | 8:13CV55 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER ON INITIAL REVIEW |
| CONAGRA FOODS, | ) | AND MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| Defendant. | ) | |

The plaintiff, Donna Broadway ("Broadway"), filed her Complaint in this matter on February 15, 2013, (filing No. 1) and was given leave to proceed in forma pauperis on March 26, 2013. (Filing No. 7.) An initial review of the Complaint has been conducted to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Broadway filed her complaint in this matter against her former employer, ConAgra Foods (filing No. 1 at CM/ECF p. 1) and is an African-American who currently resides in Omaha, Nebraska. (*Id*.; Docket Sheet.)

Condensed and Summarized, Broadway alleges the defendant ("Conagra") hired her in April 2008 as a "Sanitation Worker." (Filing No. 1 at CM/ECF p. 3.) In 2010, Conagra's head nurse coerced Broadway into disclosing her disability. (*Id*.) Broadway alleges that Conagra eventually terminated her employment on the basis of her race, color, and disability. (*Id*. at CM/ECF p. 2.) Broadway seeks reinstatement and back pay. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Broadway's claims are brought pursuant to Title VII of the Civil Rights Act ("Title VII") and the Americans with Disabilities Act ("ADA").

### A. *Title VII Discrimination Claims*

Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

2

respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, Broadway must establish that she: (1) is a member of a protected class, (2) met her employer's legitimate expectations, (3) suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his or her charge. 42 U.S.C. § 2000e-5(f)(1).

Here, Broadway alleges that she is a member of a protected class and that she suffered an adverse employment action when she was terminated from her position as a "Sanitation Worker." (Filing No. 1 at CM/ECF pp. 1-2.) However, Broadway does not allege that she was meeting the legitimate expectations of her employer nor does she describe circumstances which give rise to an inference of discrimination. In short, Broadway has failed to plead sufficient factual content for me to reasonably infer that Conagra is liable for the misconduct alleged.

However, on its own motion, the court will provide Broadway with the opportunity to amend her Complaint to sufficiently allege a Title VII claim against Conagra. Any amended complaint shall restate the allegations of Broadway's current

3

Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Broadway fails to file an amended complaint in accordance with this Memorandum and Order on Initial Review and Motion for Appointment of Counsel, Broadway's Title VII claim against Conagra will be dismissed without prejudice without further notice.

### B. ADA Discrimination Claim

Liberally construed, Broadway also asserts claims under the ADA. (Filing No. 1.) As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

4

Here, Broadway alleges that she has a disability. (Filing No. 1 at CM/ECF p. 2.) However, Broadway does not describe the disability nor does she allege that she was qualified to perform the essential functions of her job. Further, Broadway does not describe any circumstances that would give rise to an inference that her termination was related to her disability. Accordingly, Broadway has failed to allege sufficient facts to state an ADA claim against Conagra upon which relief may be granted.

Like Broadway's Title VII claims, I will provide Broadway with the opportunity to amend her Complaint to sufficiently allege an ADA claim against Conagra. Any amended complaint shall restate the allegations of Broadway's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Broadway fails to file an amended complaint in accordance with this Memorandum and Order on Initial Review and Motion for Appointment of Counsel, Broadway's ADA claims against Conagra will be dismissed without prejudice without further notice.

## IV.     MOTION TO APPOINT COUNSEL

Also pending is Broadway's Motion to Appoint Counsel. (Filing No. 3.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Broadway's Motion to Appoint Counsel (filing no. 3) is denied.

2. Broadway shall have until **April 29, 2013**, to amend her Complaint and clearly state a claim upon which relief may be granted against Conagra in accordance with this memorandum and order. If Broadway fails to file an amended complaint, Broadway's claims against Conagra will be dismissed without further notice for failure to state a claim upon which relief may be granted and for failure to follow this court's orders.

3. In the event that Broadway files an amended complaint, Broadway shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 29, 2013**.

5. Broadway shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated March 27, 2013.

BY THE COURT

_____
Warren K. Urbom
United States Senior District Judge